IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GUSTAVO JUAREZ-GALVAN,**

    **Plaintiff,**

    **v.**

**UNITED PARCEL SERVICE, INC.,**

    **Defendant.**

Case No. 15-9906-JAR-JPO

## MEMORANDUM AND ORDER

On December 10, 2015, *pro se* Plaintiff Gustavo Juarez-Galvan filed suit against his employer, United Parcel Service, Inc. ("UPS"), alleging employment discrimination, failure to promote, hostile work environment, retaliation, and disability discrimination. On April 6, 2016, UPS filed a Motion to Dismiss (Doc. 5), seeking to dismiss this case under Fed. R. Civ. P. 12(b)(6). Despite receiving additional time to do so, Plaintiff has not responded to the motion and the time to do so has passed. The motion can therefore be granted for failure to file a response. The motion can also be granted on the merits, as described more fully below.

### I. Failure to Respond

Plaintiff failed to file a response to the motion to dismiss and the time to do so has expired.[1] Under D. Kan. Rule 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

---

[1] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days). Plaintiff's response deadline was extended until May 26, 2016. Doc. 10.

A *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance.[2]  As a result of Plaintiff's failure to respond, the Court may grant Defendants' motion to dismiss as uncontested.

## II.     Motion to Dismiss

The Court also finds that the Complaint must be dismissed on the merits.   UPS contends that this suit is barred by the doctrine of claim preclusion, which prohibits Plaintiff from re-litigating claims he previously litigated and/or had the opportunity to litigate in two previous lawsuits: *Gustavo Juarez-Galvan v. United Parcel Services, Inc.*, No. 10-CV-4145-RDR ("*Juarez-Galvan I*"), and *Gustavo Juarez-Galvan v. United Parcel Services, Inc.*, No. 13-CV-4046-SAC ("*Juarez-Galvan II*").  The Court takes judicial notice of the records in *Juarez-Galvan I and II*,[3] without converting the motion to dismiss into a motion for summary judgment.[4]

In *Juarez-Galvan I*, Plaintiff alleged he suffered discrimination after UPS failed to promote him to a package car driver position because he is Hispanic.  The district court granted summary judgment in favor of UPS on that claim, and the Tenth Circuit Court of Appeals affirmed.[5]  Plaintiff's current Complaint once again claims that UPS failed to promote Plaintiff. In *Juarez-Galvan II*, Plaintiff alleged he suffered discrimination, hostile work environment, and retaliation based on incidents from November 2, 2009, November 3, 2009, June 15, 2010, and July 15, 2011.  The district court ruled those claims were barred because Plaintiff impermissibly

---

[2]*Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[3]*See* Fed. R. Evid. 201; *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

[4]*See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1278, n.1 (10th Cir. 2004) (holding facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment).

[5]*Juarez-Galvan v. United Parcel Serv., Inc.*, No. 10-4145-RDR, 2013 WL 1411772 (D. Kan. Apr. 8, 2013), *aff'd*, 572 F. App'x 619 (10th Cir. 2014).

split his cause of action by failing to pursue those claims in *Juarez-Galvan I*.[6]  Despite this ruling, Plaintiff once again attempts to resurrect the same claims from those events against UPS in this case.

For res judicata to apply, four elements must exist:  (1) a judgment on the merits in the earlier action; (2) identity of the parties in the two suits; (3) identity of the cause of action in both suits; and (4) a full and fair opportunity for plaintiff to litigate the claim in the first suit.[7]  Here, Plaintiff's claims arising from alleged events that occurred on November 2, 2009, November 3, 2009, June 15, 2009, and July 15, 2011, could have, and should have been pursued in *Juarez-Galvan I* and/or *Juarez-Galvan II*, and are thus barred by res judicata.

Further, the instant Complaint includes allegations of discrimination under Title VII arising from events that allegedly occurred on July 20, 2012 and October 10 and 12, 2012.  The allegations were first raised in Plaintiff's Kansas Human Rights Commission ("KHRC") charge, which was filed on December 6, 2013.  A plaintiff alleging a violation of Title VII must file an administrative charge with the EEOC within 300 days of the challenged action.[8]  Where a plaintiff pursues multiple claims based on discrete discriminatory acts, the limitations period will begin to run for each individual act from the date on which the underlying act occurs.[9]  The timely filing of an administrative charge is akin to a statute of limitations, and a claim is barred if it is not filed within those time limits.[10]  Here, Plaintiff's alleged discriminatory events occurred

---

[6]*See Juarez-Galvan v. United Parcel Serv., Inc.*, No. 13-4606-SAC, 2014 WL 614467, at *5 (D. Kan. Jan. 8, 2014), *aff'd*, 577 F. App'x 886 (10th Cir. 2014).

[7]*Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997); *Zhu v. St. Francis Health Ctr.*, 413 F. Supp. 2d 1232, 1239 (D. Kan. 2006).

[8]*See Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1183 (10th Cir. 2003); *Fulcher v. City of Wichita*, No. 06-2095, 2009 WL 6832587, at *2 (D. Kan. Sept. 11, 2009) ("In a deferral state such as Kansas, a Title VII claimant must file his discrimination charge within 300 days of the alleged act.").

[9]*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 n.9 (2002).

[10]*Id.* at 109.

more than 300 days before he filed his third administrative charge against UPS on December 6, 2013, and are barred as a matter of law.

Finally, Plaintiff's Complaint fails to allege facts regarding his alleged physical impairment, its severity or duration, and thus his failure to accommodate claims should be dismissed as insufficient within the meaning of the ADA, as amended.[11]  Likewise, Plaintiff does not state a cause of action for discrimination under Rule 12(b)(6), simply because he did not like his temporary new work duties at a new door assigned by a temporary supervisor.[12]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant UPS's Motion to Dismiss (Doc. 5) is **granted**.  Plaintiff's Complaint is dismissed in its entirety.

**IT IS SO ORDERED.**

Dated: June 16, 2016

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[11] 42 U.S.C. §§ 12112(a), 12102(1) (2000).

[12] *See Burlington N. & Santa Fe. Ry. v. White*, 548 U.S. 53, 67–68 (2006) (holding petty slights and minor annoyances in the workplace, as well as personality conflicts and snubs by co-workers, are not actionable).